UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERROD R VEZINA #594730                    CIVIL ACTION NO. 25-cv-227 SEC P

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

LA DEPT OF PUBLIC SAFETY &                 MAGISTRATE JUDGE HORNSBY
CORRECTIONS

**REPORT AND RECOMMENDATION**

Jerrod R. Vezina ("Plaintiff") is a self-represented prisoner.  He alleges that a fellow inmate sexually assaulted him while he was housed at the David Wade Correctional Center. Plaintiff named as defendants Warden Michelle Dauzat, Assistant Warden Ryan Kimball, Classification Director Kristie Harper, and the Louisiana Department of Public Safety & Corrections ("the Department").

The individual defendants filed an answer, and the Department filed a Motion to Dismiss (Doc. 17) that raised Eleventh Amendment immunity.  The motion was noticed for briefing, but Plaintiff did not file any response.  For the reasons that follow, the motion should be granted.

Plaintiff's complaint asked the court to issue an order to the Department that forces it to either house him in protective custody or have him transferred to another institution.[1] Plaintiff also asked for punitive damages.  The Eleventh Amendment bars suits in federal

---

[1] Plaintiff is now housed at a different prison, so his request for injunctive relief would be moot even if the court had jurisdiction to hear his claim against the Department.  Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

court for both money damages and injunctive relief against a state entity, whether the suit is based on 42 U.S.C. § 1983 or state law claims.  Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).  The Department is a state entity that is subject to Eleventh Amendment protection.  Champagne v. Jefferson Par. Sheriff's Off., 188 F.3d 312, 314 (5th Cir. 1999); Hanna v. LeBlanc, 716 Fed. Appx. 265, 268 (5th Cir. 2017).  And Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court.  La. R.S. 13:5106(A); Green v. City of Monroe, 2023 WL 5270502, *3 (W.D. La. 2023).

The Eleventh Amendment bars any claims asserted by Plaintiff against the Department.  Eleventh Amendment sovereign immunity deprives the court of jurisdiction, so claims that are dismissed on that basis should be dismissed without prejudice.  Barnes v. Zitman, 2024 WL 2891341, n.1 (5th Cir. 2024); Anderson v. Jackson State University, 675 Fed. Appx. 461, 464 (5th Cir. 2017).  Plaintiff's claims against the individual defendants Dauzat, Kimball and Harper will remain pending.

Accordingly,

It is recommended that the Louisiana Department of Public Safety & Corrections' Motion to Dismiss (Doc. 17) be granted and that all claims against the Louisiana Department of Public Safety and Corrections be dismissed without prejudice for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge